IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL SWINT, # 182201,     ) | |
|                                ) | |
|     Petitioner,          ) | |
|                                ) | |
|    v.                        ) | Civil Action No. 2:17cv88-WHA |
|                                ) | [WO] |
| LEON BOLLING, *et al.*,     ) | |
|                                ) | |
|     Respondents.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Darryl Swint, an Alabama prisoner acting *pro se*, filed this action on January 9, 2017.[1] The case is now before the court on Swint's amended § 2254 petition.

### I. BACKGROUND

*A.*    *Swint's Initial Pleading*

Swint's initial pleading (Doc. # 1),[2] a handwritten document captioned "Memorandum Brief of Amend,"[3] comprised piecemeal and disjointed recitations of

---

[1] This court received and docketed Swint's initial pleading on February 13, 2017. Swint represents that he signed that document on January 9, 2017. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Swint's initial pleading] was delivered to prison authorities the day [Swint] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Unless otherwise indicated by context, references to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[3] The full caption of the document is "Memorandum Brief of Amend/Criminal Law Key 1556/Rule 7(b) and Rule 6(c)(2)/Certiorari Amend 475 U.S. 1084 (1985) (9th Circuit 1985)." Doc. # 1 at 1.

various constitutional amendments, legal principles, and state and federal procedural rules. *See* Doc. # 1 at 1-5. As best this court could tell, Swint seemed to challenge convictions entered by the Circuit Court of Barbour County, Alabama, although if this was Swint's intention, it was not clear which particular convictions he was challenging or what grounds for relief he was asserting.

### B.     Court's Order of February 16, 2017

Because Swint's initial pleading did not identify the state court judgment he was challenging or his grounds for relief, and because the pleading was largely incomprehensible, this court entered an order on February 16, 2017, directing Swint to submit an amended § 2254 petition using the pre-printed form for use by *pro se* state prisoners seeking habeas corpus relief under § 2254.[4] Doc. # 5. The court directed Swint to complete the § 2254 form to include identification of (1) the criminal judgment he was challenging, including the court that entered it and when; (2) all grounds for relief and the facts supporting each ground; and (3) the relief requested. *Id.* at 2. The court cautioned Swint that if he failed to comply with the directives in its order, his action could be dismissed without further notice. *Id*.

### C.     Swint's Amended § 2254 Petition

---

[4] A challenge to the constitutionality of custody under a state court judgment is properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2254(a); *see, e.g., McCormick v. Gordy*, 2016 WL 6892373, at *2 (M.D. Ala. Nov. 17, 2016), report and recommendation adopted, 2016 WL 7015646 (M.D. Ala. Nov. 30, 2016).

In apparent response to this court's February 16, 2017 order, Swint filed an amended pleading using the pre-printed § 2254 form.[5] Doc. # 6. Attached to that form was another handwritten document containing an abbreviated version of the piecemeal and disjointed recitations contained in Swint's initial pleading.[6] *See id.* at 1–3. Hereinafter, this Recommendation refers to Swint's amended pleading (the pre-printed § 2254 form plus Swint's handwritten attachment) as Swint's amended § 2254 petition.

Swint's amended § 2254 petition is, like his initial pleading, mostly incomprehensible. In the spaces on the pre-printed § 2254 form for setting forth grounds for relief and supporting facts, Swint identifies Ground One, and the supporting facts, only as "Waiting to hear back from them." *Id* at 8. No other grounds for relief are asserted on the § 2254 form, nor can any grounds for relief be discerned from Swint's handwritten attachment. On the first page of the § 2254 form, Swint identifies the judgment of conviction he is attacking as "United States 11th Circuit Court—Barbour Clayton County—–Chambers County—Northern District in Birmingham Alabama," with a case number of

---

[5] The court says "in apparent response," because Swint dated his amended pleading as being placed in the prison mail system on January 13, 2019 (*see* Doc. # 6 at 10), which predates this court's receipt of Swint's initial pleading and this court's February 16, 2017 order directing Swint to file an amended § 2254 petition. This court received and docketed Swint's amended pleading on February 22, 2017. Because Swint filed his amended pleading using (at least in part) the pre-printed § 2254 form, as provided in this court's February 16, 2017 order, circumstantial evidence suggests that Swint drafted his amended pleading after receiving, and in response to, the court's February 16, 2017 order.

[6] The handwritten document attached to the § 2254 form is captioned "Amend Petition Rule 32/Regulation 403 9.12/Certiorari Amend (9th Circuit 1985)/Amend 1988 F.2d/USDCTSD 42 § U.S.C.A. 1915 Certiorari/Petition to Amend/Rule 32 Petition/Fed.R,App.P. 4, 24; 28 U.S.C. §§ 1291, 1292/Federal Rules of Alabama Procedures/District Amend/Fed.R.App. Declaration by the 8th Amendment AmJur." Doc. # 6 at 1.

"2:16-CV-00517-MHH-JEO." Doc. # 6 at 4. That case number corresponds to a § 2254 action Swint initiated on March 22, 2016, in the United States District Court for the Northern District of Alabama, in which Swint challenged his 2001 convictions in the Circuit Court of Barbour County, in case numbers CC-2000-163 and CC-2000-164, on charges of first-degree assault and promoting prison contraband.[7] Although he does not specifically list them as the convictions he now challenges, Swint appears to reference these same Barbour County cases on the § 2254 form he filed with this court, indicating that he challenged these convictions on direct appeal. *See* Doc. # 6 at 5. This court takes notice that on June 14, 2017, the United States District Court for the Northern District of Alabama denied Swint's § 2254 petition in Civil Action No. 2:16-CV-00517-MHH-JEO, finding that Swint failed to support his claims for relief (to the extent they were understandable) and that, in any event, his petition was time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2244(d)(1).[8]

For the reasons that follow, this court recommends that Swint's amended § 2254 petition be dismissed without an evidentiary hearing.

## II.  DISCUSSION

### A.  *Swint's Failure to Comply with Directives of Court's Order*

---

[7] Swint was sentenced as a habitual offender to concurrent 25-year terms on the Barbour County convictions.

[8] In denying Swint's § 2254 petition and dismissing the action with prejudice, the district court in Civil Action No. 2:16-CV-00517-MHH-JEO adopted the recommendation of the magistrate judge entered on August 8, 2016. *See* Civil Action No. 2:16-CV-00517-MHH-JEO, Docs. # 23 & 41.

As noted above, in its order of February 16, 2017, this court cautioned Swint that if he failed to comply with the directives in the order, his action could be dismissed without further notice. *See* Doc. # 5 at 2. Among those directives were that Swint file an amended § 2254 petition using a pre-printed § 2254 form properly completed to include (1) identification of the criminal judgment he is challenging, including the court that entered it and when; (2) identification of all grounds for relief and the facts supporting each ground; and (3) identification of the relief requested. *Id*. Swint has failed to comply with these directives. In his amended § 2254 petition, he does not specifically identify a state court criminal judgment he challenges, but instead refers to "United States 11th Circuit Court—Barbour Clayton County—Chambers County—Northern District in Birmingham Alabama," with the case number 2:16-CV-00517-MHH-JEO. That is the case number of a § 2254 action Swint initiated in March 2016 in the United States District Court for the Northern District of Alabama, in which Swint challenged Barbour County convictions in case numbers CC-2000-163 and CC-2000-164. Thus, Swint fails to identify the state court judgment he is challenging. Even if this court assumes that it is his Barbour County convictions that Swint challenges in this court, Swint's amended § 2254 petition fails to identify specific grounds for relief or any facts supporting such grounds, and it does not even identify the specific relief Swint requests. The disjointed statements in the handwritten document Swint includes with his amended petition shed no light on Swint's claims. Swint's pleadings remain incomprehensible.

Because Swint has failed to comply with the directives of the court's order of February 16, 2017, the court concludes that dismissal of this action is appropriate. *See*

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Accordingly, Swint's petition is subject to dismissal on this ground.

**B.     *Failure to State Viable Claim for Habeas Relief***

Swint's amended § 2254 petition also fails to state a viable claim for habeas relief. Under Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Habeas Rules")*, a habeas corpus petition must both "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rules 2(c)(1), (2), *§ 2254 Habeas Rules*.  Rule 2(c) "mandate[s] 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see also Mayle v. Feliz*, 545 U.S. 644, 655 (2005); *Frazier v. Bouchard,* 661 F.3d 519, 527 n.10 (11th Cir. 2011) ("Habeas corpus petitions must meet heightened pleading requirements.") (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).  As a result, "generalized allegations" are insufficient to state a viable claim for habeas relief under § 2254.  *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014).

Here, Swint wholly fails to set forth any specific grounds for relief or any facts supporting such grounds.  As a result, his petition fails to state a viable claim for habeas relief and is due to be dismissed on this ground as well.

**C.     *Successive § 2254 Petition***

The only state court judgments Swint arguably appears to attack through his amended § 2254 petition are his 2001 convictions in the Circuit Court of Barbour County,

6

in case numbers CC-2000-163 and CC-2000-164, on charges of first-degree assault and promoting prison contraband. Swint challenged those same Barbour County convictions in a § 2254 petition he filed in March 2016 in the United States District Court for the Northern District of Alabama, which that court denied in June 2017. *See* Civil Action No. 2:16-CV-00517-MHH-JEO.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[9] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[9] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

7

To the extent Swint challenges his 2001 Barbour County convictions, his instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). Swint furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Graham] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

---

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Consequently, to the extent Swint challenges his 2001 convictions in the Circuit Court of Barbour County in case numbers CC-2000-163 and CC-2000-164,[10] his instant petition for writ of habeas corpus is successive and should be summarily dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the amended petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice because (1) Swint has failed to comply with the directives in this court's order of February 16, 2017, and (2) Swint has failed to state a viable claim for relief under § 2254. To the extent Swint challenges his 2001 convictions in the Circuit Court of Barbour County in case numbers CC-2000-163 and CC-2000-164, his amended § 2254 petition should be dismissed as a successive petition filed without the required appellate court authorization.

It is further

ORDERED that on or before **March 28, 2019**, the petitioner may file objections to the Recommendation. The petitioner must specifically identify the factual findings and

---

[10] In denying Swint's § 2254 petition in Civil Action No. 2:16-CV-00517-MHH-JEO, the United States District Court for the Northern District of Alabama held that his action challenging his 2001 Barbour County convictions was clearly time-barred under AEDPA's one-year limitation period in 28 U.S.C. § 2244(d)(1) and was filed some fourteen years too late to challenge the convictions. *See* Civil Action No. 2:16-CV-00517-MHH-JEO, Doc. # 23 at 7; Doc. # 41 at 4. The undersigned finds that the reasoning of the United States District Court for the Northern District of Alabama in holding Swint's challenge to his 2001 Barbour County convictions to be time-barred applies to Swint's challenge to those same convictions in the § 2254 petition he filed in this court.

9

legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 14th day of March, 2019

                /s/Charles S. Coody
              CHARLES S. COODY
              UNITED STATES MAGISTRATE JUDGE